UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO._____

JOSHUA AGUIAR,

      Plaintiff,

vs.

ROUTES ORLANDO, INC.
d/b/a ROUTES CAR RENTAL,
a Florida corporation, and HARDEEP
NAGRA, individually,

      Defendants.
_____/

# COMPLAINT

Plaintiff, JOSHUA AGUIAR, by and through undersigned counsel, sues the Defendants, ROUTES ORLANDO, INC. d/b/a ROUTES CAR RENTAL, (hereinafter, "Company"), and HARDEEP NAGRA, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1.    Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3.    The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4.    At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, HARDEEP NAGRA, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff was hired as a non-exempt employee by the Defendants.

11. During her employment, the Defendants however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

12. Specifically, Plaintiff, an assistant manager who had been earning $11 per hour, was transferred to an Atlanta, Georgia branch where he was promised a raise.

13. However, all Defendants did was change his pay to a "salaried basis" of $710 per week, even though he worked an average of 75 hours per week.

14.     Even assuming that Plaintiff was not given a raise, he would have been making $11 per hour for 40 hours for a total of $440 in straight time wages and 16.50 per hour for 25 hours for a total of $412.50.

15.     Each week, Plaintiff should have made not less than $852.50 (difference of $142.50 per week).

16.     Plaintiff worked for these insufficient wages in Atlanta from May 2019 to June 2020, or 56 weeks.

17.     As such, Defendants owe Plaintiff at least $7,980 in unpaid overtime wages for that period.

18.     All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

19.     Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above.

20.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

21.     By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–HARDEEP NAGRA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

22.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

23.     By reason of the intentional, willful and unlawful acts of the Defendant, HARDEEP NAGRA in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, HARDEEP NAGRA for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: October 10, 2020.                Respectfully submitted,

                                                         Law Offices of Levy & Levy, P.A.
                                                         1000 Sawgrass Corporate Parkway, Suite 588
                                                         Sunrise, Florida  33323
                                                         Telephone: (954) 763-5722
                                                         Facsimile: (954) 763-5723
                                                         *Counsel for Plaintiff*

                                                         */s/ Chad Levy*
                                                         CHAD E. LEVY, ESQ.
                                                         chad@levylevylaw.com
                                                         Secondary: assistant@levylevylaw.com
                                                         F.B.N.: 0851701
                                                         DAVID M. COZAD, ESQ.
                                                         david@levylevylaw.com
                                                         F.B.N.: 333920